IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Anthony M. Kopicz<br>　　　　Debtor | CHAPTER 13 |
| GARDEN STATE VENTURES, LLC<br>　　　　Movant<br>vs. | NO. 15-18750 REF |
| Anthony M. Kopicz<br>　　　　Debtor | |
| Frederick L. Reigle Esq.<br>　　　　Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.  The post-petition arrearage on the mortgage held by Movant on Debtor's residence to reinstate the Automatic Stay is **$10,610.20**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | February 2016 through October 2016 at $1,087.42 |
| Fees & Costs Relating to Motion: | $826.00 ($650.00 fees and $176.00 costs) |
| Suspense Balance: | $2.58 |
| **Total Post-Petition Arrears** | **$10,610.20** |

2.  Debtor shall cure said arrearages in the following manner;

    a). Within ten (10) days of the filing of this Stipulation, Debtor shall tender a payment of **$10,610.20** to cure the post-petition arrears owed to Movant.

    b). Maintenance of current monthly mortgage payments to Movant thereafter.

3.  The September 9, 2016 order granting relief from the automatic stay is hereby vacated and the automatic stay pursuant to 11 U.S.C. §362 is in full effect.

4.  Should debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5.  In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor

should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

     6.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

     7.    If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

     8.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

     9.    The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

     10.    The parties agree that a facsimile signature shall be considered an original signature.

Date:   September 28, 2016      By:    /s/ Joshua I. Goldman, Esquire
                                                  Joshua I. Goldman, Esquire
                                                  Attorneys for Movant
                                                  KML Law Group, P.C.
                                                  Main Number: (215) 627-1322

Date:   10/13/16

                                                  David S. Gellert Esq.
                                                  Attorney for Debtor

Date:   10/19/16

                                                  Frederick L. Reigle Esq.
                                                  Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2016. However, the court retains discretion regarding entry of any further order.

**Date: October 21, 2016**

                                                  Bankruptcy Judge
                                                  Richard E. Fehling