United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Anthony M. Kopicz  
    Debtor

Case No. 15-18750-ref  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-4     User: Cathleen    Page 1 of 1    Date Rcvd: Oct 21, 2016  
                  Form ID: pdf900    Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 23, 2016.
```
db              +Anthony M. Kopicz,    4090 Painted Sky Road,    Reading, PA 19606-9026
13644053        +Garden State Ventures LLC,    c/o Jeremy Doppelt Realty Mgmt LLC,    408 Main St., Ste. 502,
                  Boonton, NJ 07005-3701
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.      TOTAL: 0

         ***** BYPASSED RECIPIENTS *****  
NONE.      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 23, 2016          Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 21, 2016 at the address(es) listed below:
```
          DAVID S. GELLERT    on behalf of Debtor Anthony M. Kopicz dsgrdg@ptdprolog.net
          FREDERICK L. REIGLE    ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
          JOSHUA ISAAC GOLDMAN    on behalf of Creditor   GARDEN STATE VENTURES, LLC bkgroup@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
           ecf_frpa@trustee13.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                             TOTAL: 5
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Anthony M. Kopicz <br> Debtor | CHAPTER 13 |
| GARDEN STATE VENTURES, LLC <br> Movant <br> vs. | NO. 15-18750 REF |
| Anthony M. Kopicz <br> Debtor | |
| Frederick L. Reigle Esq. <br> Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.  The post-petition arrearage on the mortgage held by Movant on Debtor's residence to reinstate the Automatic Stay is $10,610.20, which breaks down as follows;

Post-Petition Payments:          February 2016 through October 2016 at $1,087.42
Fees & Costs Relating to Motion: $826.00 ($650.00 fees and $176.00 costs)
Suspense Balance:                $2.58
**Total Post-Petition Arrears**  **$10,610.20**

2.  Debtor shall cure said arrearages in the following manner;

    a). Within ten (10) days of the filing of this Stipulation, Debtor shall tender a payment of $10,610.20 to cure the post-petition arrears owed to Movant.

    b). Maintenance of current monthly mortgage payments to Movant thereafter.

3.  The September 9, 2016 order granting relief from the automatic stay is hereby vacated and the automatic stay pursuant to 11 U.S.C. §362 is in full effect.

4.  Should debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5.  In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor

should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

6. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 28, 2016     By:   /s/ Joshua I. Goldman, Esquire
                                    Joshua I. Goldman, Esquire
                                    Attorneys for Movant
                                    KML Law Group, P.C.
                                    Main Number: (215) 627-1322

Date: 10/13/16
                                    David S. Gellert Esq.
                                    Attorney for Debtor

Date: 10/19/16
                                    Frederick L. Reigle Esq.
                                    Chapter 13 Trustee


Approved by the Court this ____ day of _____, 2016. However, the court retains discretion regarding entry of any further or[der]

**Date: October 21, 2016**

Bankruptcy Judge
Richard E. Fehling